107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolyn BECKER, formerly Carolyn Green, Plaintiff-Appellant,
v.
Federico PENA, Secretary of the United States Department of
Transportation; Robert Kramek, Admiral, Commandant of the
U.S. Coast Guard; Gregory W. Blanford, individually and as
an employee of the U.S. Coast Guard; Daniel E. Shipman,
individually and as an employee of the U.S. Coast Guard;
James A. Bankson, individually and as an employee of the
U.S. Coast Guard; United States of America, Defendants-Appellants.
 No. 95-36172.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
Decided Feb. 28, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Carolyn Becker's Title VII claims were properly dismissed. Title VII protections do not extend to uniformed members of the Coast Guard. See Gonzalez v. Department of the Army, 718 F.2d 926, 928-29 (9th Cir.1983); see also 10 U.S.C. § 101(4).
 
 II.
 
 4
 The district court lacked subject matter jurisdiction over Becker's claims under the Federal Tort Claims Act because her alleged injuries were incident to her military service. See Feres v. United States, 340 U.S. 135, 146 (1950). Her allegation that the defendants negligently failed to supervise the harassers "goes directly to the 'management' of the military; it calls into question basic choices about the discipline, supervision, and control of a service[member]." United States v. Shearer, 473 U.S. 52, 58 (1985).
 
 
 5
 While the acts of sexual harassment served no military purpose, they were incident to Becker's military service. Virtually all of the harassing conduct occurred during working hours on the Coast Guard base. Becker's harassers were predominantly superior in rank and were subject to military discipline for harassing her. See Lutz v. Secretary of the Air Force, 944 F.2d 1477, 1487 (9th Cir.1991) (suggesting that an injury that arises on the job is incident to military service).
 
 III.
 
 6
 Becker failed to state a Fifth Amendment claim upon which relief can be granted. She may not sue Gregory Blanford, Daniel Shipman, and James Bankson because "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." Chappell v. Wallace, 462 U.S. 296, 305 (1983). She may not sue Admiral Kramek and Secretary Pena for failing to train Coast Guard members to obey the law. See Shearer, 473 U.S. at 58 (Feres doctrine bars suits that question the military's decisions about management and supervision). And she may not state a direct constitutional claim against the Coast Guard. See FDIC v. Meyer, 114 S.Ct. 996, 1005-06 (1994).
 
 IV.
 
 7
 We do not reach Becker's claims under 42 U.S.C. §§ 1985(3) and 1986 because she failed to exhaust her administrative remedies. See Miller v. Newbauer, 862 F.2d 771, 775 (9th Cir.1988). Becker admits that she has not followed the procedure for obtaining administrative relief outlined in the Military Civil Rights Manual or in the Uniform Code of Military Justice. She contends she need not exhaust these administrative remedies because her harassing supervisors denied her the opportunity for administrative redress by denying her access to the Chetco River commanding officer from July 1992 through September 1993. The Coast Guard does not dispute the impropriety of the harassing officers' conduct. However, subsequent to this period, Becker received personal counselling from Military Civil Rights Counselors/Facilitators on how to file both informal and formal discrimination complaints in accordance with the Military Civil Rights Manual. She never pursued these avenues. Nor did Becker utilize 10 U.S.C. § 938, a provision of the Uniform Code of Military Justice that enables a servicemember to complain of unredressed wrongs committed by a commanding officer to "any superior commissioned officer who [must] forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made." (emphasis added).
 
 
 8
 We reject Becker's argument that she need not pursue her administrative remedies because they do not provide adequate relief. Although monetary damages are not available, she may be eligible for disability benefits, back pay, promotion, reinstatement, and adjustment in seniority level. We also reject Becker's contention that exhausting her administrative remedies would be futile. She has not adduced any evidence that the Coast Guard or the Department of Transportation would not fully and fairly consider her complaints.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3